**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

ANTHONY RUGGIERO, #99-A-4419,

                        **Plaintiff,**

           **-v-**                                    **12-CV-147(Sr)**

ALBERT PRACK, et. al.,

                        **Defendants.**

_____


## DECISION AND ORDER

        Pursuant to 28 U.S.C. § 636(c), the parties consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including entry of final judgment.  Dkt. #27.


        Plaintiff, Anthony Ruggiero, an inmate at the Southport Correctional Facility, filed this *pro se* action seeking relief under Title 42, United States Code § 1983 claiming that the defendants, officials and employees of the New York State Department of Corrections and Community Supervision, violated his constitutional rights in a number of ways.  His claims principally involve the issuance of two misbehavior reports on July 8 and November 5, 2010 and the resulting disciplinary hearings and sanctions imposed on plaintiff, including incarceration in the Special Housing Unit.  Currently before the Court is plaintiff's motion to compel and for sanctions.  Dkt. #85.  For the following reasons, plaintiff's motion is denied.

A review of the Western District of New York docket sheet associated with this case reveals that the defendants have responded to numerous discovery demands, including document requests and interrogatories served by plaintiff.  *See e.g.*, Dkt. ## 34, 38, 46, 47, 48, 49, 50, 55, 56, 57, 58, 59, 60, 63, 64, 65, 66, 67, 68, 69, 70, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83 and 84.  It is clear from the instant motion dated March 19, 2014 and filed on March 28, 2014 (Dkt. #85) , the dates on which Dkt. ##79-84 were filed (March 25, 2014) and from statements in defendants' response to the instant motion (Dkt. #94), that only two issues remained for this Court to consider.  *See* Dkt. #94, ¶¶4-5.  Based on the representations made by counsel for the defendants', the first issue, the remaining verifications of defendants Bartlett, Sheahan, Signor, Griffin, Hetrick and Prack to plaintiff's First Set of Interrogatories is now moot.  As represented in their opposition to the instant motion (Dkt. #94, ¶5), defendants' verifications were attached to their opposition as Exhibit B.  Dkt. #94.  Accordingly, the only discovery issue that remains is plaintiff's request for the disclosure of defendants' personnel files.

In his second request for the production of documents, plaintiff requested that defendants Fluman, Granger, Labar, Sampsell and Donahue disclose their personnel files relating to "training, job performance, evaluation and discipline from their first day of employment to the date of response."  Dkt. #85, p.21.  In their responses, defendants objected to the request on the basis that their personnel files were neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Dkt. #94, ¶6.  In addition, defendants objected to the request insofar as their respective personnel files would contain personal and

2

confidential information which should be protected from disclosure.  *Id.*  Most notably,

however, in their numerous discovery responses, defendants have affirmed that they

have not been disciplined "for any incidents of the nature of any of the allegations in this

action."  *Id.*  Neither plaintiff's original request nor his motion to compel set forth any

explanation concerning the relevance of the requested information.  Moreover, to the

extent that plaintiff elects to depose any of the defendants or any of the defendants

testify at trial, plaintiff may ask the defendants if they were the subject of any

complaints, claims or disciplinary reports to the extent this Court deems it permissible.

Accordingly, plaintiff's request is denied.

At the conclusion of his motion, plaintiff adds, without discussion, a

request for sanctions.  Plaintiff offers nothing to support his request for sanctions.

Moreover, as noted above, defendants have supplied responses to plaintiff's numerous

requests for documents and interrogatories and the only remaining request to be

decided in this motion was denied.  There is simply no basis whatsoever for this Court

to even consider sanctions in light of the extensive discovery that has already taken

place.

Finally, insofar as this Court previously granted plaintiff's request for

additional time to file a summary judgment motion (Dkt. #94), a new Case Management

Order setting forth the deadline for the filing of summary judgment motions will be

issued by the Court.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel and for sanctions (Dkt. #85) is denied as set forth above.


**SO ORDERED.**


DATED:      Buffalo, New York
            January 21, 2015


                                    *s/ H. Kenneth Schroeder, Jr.*
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**